UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LESHAWN BOONE,<br>Plaintiff,<br>v.<br>ELDA OLIVEROS, et al.,<br>Defendants. | Case No. 20-cv-01473-EMC<br><br>**ORDER OF DISMISSAL**<br>Docket No. 10 |

## I. INTRODUCTION

James Boone, a prisoner housed at the Correctional Training Facility in Soledad, California, filed this *pro se* civil rights action under 42 U.S.C. § 1983. The Court reviewed the complaint and dismissed it with leave to amend to cure several pleading deficiencies. Mr. Boone then filed an amended complaint. His amended complaint is now before the court for review under 28 U.S.C. § 1915A.

## II. BACKGROUND

Mr. Boone alleges in his amended complaint that he received several pieces of mail that had been opened and taped closed before they were delivered to him. He alleges that this occurred on the following occasions: mail from the Fresno County Superior Court on July 24, 2017; mail from the Attorney General's office on September 23, 2017; mail from Fresno County Superior Court on September 25, 2017; mail from the Attorney General's office on November 6, 2017; and mail from the Attorney General's office on November 13, 2017. Docket No. 10 at 3-5. Mr. Boone describes all of this mail as "legal mail." *Id.*

Mr. Boone further alleges that C. Jimenez was the correctional officer who delivered the

1  mail and said the apparent opened mail was a mailroom problem; Tanya Flores was the mailroom
2  staff member who processed the incoming legal mail; Elda Oliveros was the mailroom supervisor
3  who knew of the improper processing and did not stop it; and C. Koenig was a supervisor who
4  knew of but failed to stop the improper handling of the mail.

### III.     DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Inmates enjoy a First Amendment right to send and receive mail. *See Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989). However, a prison or jail may adopt regulations or practices that impinge on a prisoner's First Amendment rights, including rights regarding the mail, if those regulations are "'reasonably related to legitimate penological interests.'" *Id.* at 404 (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Because "freedom from censorship is not equivalent to freedom from inspection or perusal," prison officials have the right to open and to inspect a prisoner's incoming and outgoing mail —even legal mail from attorneys to inmates or from inmates to attorneys. *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974).

If the mail is *legal mail,* it must be opened in the prisoner's presence. Prisoners have a "First Amendment interest in having properly marked legal mail opened only in their presence." *Hayes v. Idaho Correctional Center*, 849 F.3d 1204, 1211 (9th Cir. 2017). They also have a Sixth Amendment interest in interest in having legal mail relating to the criminal proceedings against

them opened only in their presence. *Mangiaracina v. Penzone*, 849 F.3d 1191, 1195 (9th Cir. 2017).

If the mail is *nonlegal mail*, it may be opened and inspected for contraband without need for the prisoner to be present. *See Mann v. Adams*, 846 F.2d 589, 590-91 (9th Cir. 1998). The inspection for contraband of non-legal mail does not violate a prisoner's constitutional rights. *See Witherow v. Paff*, 52 F.3d 264, 265-66 (9th Cir. 1995) (upholding inspection of outgoing mail); *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991) (upholding inspection of incoming mail); *Gaines v. Lane*, 790 F.2d 1299, 1304 (7th Cir. 1986) (upholding inspection of outgoing and incoming mail).

Mail to and from a prisoner's attorney is legal mail. But mail to and from courts and public officials is nonlegal mail. *See Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996) (district court properly dismissed claim that defendant prison officials improperly opened mail to prisoner from the courts outside his presence), *opinion amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998). The Ninth Circuit's rejection of the claim in *Keenan* that opening mail from the court was unconstitutional "turn[ed] on the definition of 'legal mail.' Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." *Id.* Likewise, the Ninth Circuit held that a claim was not stated for an allegation that prison officials opened and inspected mail from the "United States courts" to a prisoner outside his presence in *Hayes*, 849 F.3d at 1211. In short, a prisoner has no constitutional right to be present when mail sent from public agencies and public officials is opened. *Mann*, 846 F.2d at 590-91.[1]

When this Court reviewed Mr. Boone's original complaint, it explained the different rules that applied to opening legal mail versus nonlegal mail. Docket No. 6 at 2-3. The Court also explained that mail from courts is not legal mail, *id.* at 2 n.1, and noted that many of the alleged

---

[1] Mr. Boone's first amended complaint indicates that mail from the courts and public agencies is identified as confidential or legal mail in the state regulations that apply to the handling of mail in California prisons. But state regulations do not set federal constitutional standards. *Cf. Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994) (failure to satisfy state procedural protections that are greater than those federally required does not amount to a due process violation). Although those state regulations do not support relief in a Section 1983 action, they might support a state law claim. The dismissal of this action is without prejudice to Mr. Boone pursuing any state law rights he may have in state court.

instances involved opening of mail from courts that would not be actionable, *id.* at 4-5. The Court granted Mr. Boone leave to amend to describe how Defendants had handled the mail improperly and also explained the need to link individual Defendants to the claim. *Id.* at 5.

The amended complaint fails to state a claim upon which relief may be granted. The fatal flaw in Mr. Boone's amended complaint is that the mail that allegedly was opened and then taped closed outside his presence was nonlegal mail rather than legal mail. The instances of mail-opening that he identifies all involved mail sent to him from California courts or the California Attorney General's office. Mail from these entities simply is not legal mail. *See Hayes*, 849 F.3d at 1211; *Keenan*, 83 F.3d at 1094; *Mann*, 894 F.2d at 590-91. It therefore was not constitutionally impermissible for prison officials to open and inspect these pieces of incoming nonlegal mail. *See Mann*, 846 F.2d at 590-91.

No constitutional violation occurred on the facts alleged in the amended complaint. Further leave to amend will not be granted because it would be futile: the Court already explained the deficiencies in the pleading and Mr. Boone was unwilling or unable to cure them in his amended complaint.

## IV.    CONCLUSION

This action is dismissed for failure to state a claim upon which relief may be granted. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: September 4, 2020

_____
EDWARD M. CHEN
United States District Judge

4